UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>REGINALD CURRIE,<br><br>Defendant. | Crim. No. 02-943 (KSH)<br><br><br><br>**Order** |

**Katharine S. Hayden, U.S.D.J.**

**THIS MATTER** comes before the Court upon defendant Reginald Currie's letter dated May 8, 2008. In his letter defendant seeks a modification of his sentence in light of this Court's decisions in United States v. Franz Copeland Sutton, No. 07-426, 2007 U.S. Dist. LEXIS 79518 (D.N.J. Oct. 26, 2007), and United States v. Richard Ortiz, No. 06-858, 2007 U.S. Dist. LEXIS 87055 (D.N.J. Nov. 27, 2007). In those cases, this Court granted downward variances based on conditions in the Passaic County Jail. Currie argues that he endured the same conditions during his pretrial confinement at the facility and should receive a comparable downward variance. However, under the law, the Court has no jurisdiction to grant the relief sought by Currie's letter request.

Federal Rule of Criminal Procedure 35(a), which proscribes the limits within which a sentencing Judge may correct or reduce a sentence, provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The term "sentencing," as used in Rule 35, "means the oral announcement of the sentence." Fed. R. Crim. P. 35(c). Most importantly, Rule 35(a) is a jurisdictional restriction. See United States v. Bennett, 423 F.3d 271, 277 (3d Cir. 2005). The Court sentenced Currie on September 28, 2005, almost three years before he filed his letter request on May 8, 2008. Thus, any modification of a sentence handed down by this

Court beyond the 7 day period can only come by way of the appropriate appeals and/or post-conviction relief process.

There are strict rules governing the timing and substance of a direct appeal or post-conviction petition, and the Court does not comment upon the availability of either to defendant or the likelihood of success.

Good cause appearing,

**IT IS** on this 11th day of July 2008, hereby

**ORDERED** that defendant's letter request, which the Court deems to be an informal application for sentencing relief, is **denied**.

/s/Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.