UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

REGINALD CURRIE,

       *Petitioner*,

v.

Crim. Action No. 02-943 (KSH)

UNITED STATES OF AMERICA,

**OPINION & ORDER**

       *Respondent*.

**Katharine S. Hayden, U.S.D.J.**

    This matter comes before the Court upon a petition for a writ of *audita querela* pursuant to the All Writs Act, 28 U.S.C. § 1651. Petitioner Reginald Currie requests a modification of his sentence based on this Court's decision in *United States v. Franz Copeland Sutton*, No. 07-426, 2007 U.S. Dist. LEXIS 79518 (D.N.J. Oct. 25, 2007), which granted a downward sentencing variance based on the pre-sentence housing conditions at the Passaic County Jail. Currie requests that his own sentence be modified because he too was housed in the Passaic County Jail before sentencing. For the reasons discussed below, Currie's petition is denied.[1]

**I.**

    On December 20, 2002, Currie pleaded guilty to a one-count criminal information charging him with bank robbery, in violation of 18 U.S.C. § 2113(a). At his sentencing hearing on January 6, 2003, Currie argued that the conditions at the Passaic County Jail warranted a

---

[1] The Court's power to deny. the petition *sua sponte* is conferred by 28 U.S.C. § 2243, which permits such a resolution when it appears from the face of the petition that the requested relief is unavailable. *See Lonchar v. Thomas,* 517 U.S. 314, 320, (1996); *Siers v. Ryan,* 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied,* 490 U.S. 1025 (1989).

"double credit" of his pre-sentence detention at the jail against his federal sentence. The Court considered, but rejected, the argument, stating:

> I will agree that it's not pretty in the places where the presentenced but convicted defendants are held pending sentence. But I don't find that the conditions rise to the level of something on the cusp of an Eighth Amendment situation that would permit me as a matter of conscience to exercise that discretion, so I am denying that.

Pet. Exh A (Tr. of 1/6/03 Sentencing Hrg. at 21:1-7).

The Court sentenced Currie on June 6, 2003 to a term of 158 months' imprisonment pursuant to the then-mandatory sentencing guidelines, and Currie filed a timely notice of appeal. On May 4, 2005, the Court of Appeals for the Third Circuit vacated Currie's sentence as a result of the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). On July 1, 2005—after his sentence had been vacated, but before this Court had resentenced him—Currie filed a motion pursuant to 28 U.S.C. § 2255 for modification of his sentence. At his resentencing hearing on August 4, 2005, the Court advised Currie that his motion was premature because no sentence was then in place. *See Currie v. United States*, Civ. No. 05-3361, D.E. # 2. Consequently, the Court accepted Currie's request to withdraw the motion. *Id.* On September 28, 2005, the Court resentenced Currie to a term of 120 months' imprisonment. Currie did not thereafter appeal or move for § 2255 collateral relief.

More than two years later, on October 25, 2007, this Court granted a downward variance to a defendant based on the sub-standard conditions at the Passaic County Jail, where the defendant had been housed pre-trial. *Sutton*, 2007 U.S. Dist. LEXIS 79518, at *30. On May 20, 2008—two and a half years after he had been resentenced—Currie filed a letter requesting that the Court further modify his sentence in light of *Sutton* because he had also been housed at the

Passaic County Jail from June 2002 to June 2003 (before his first sentence was pronounced). Before the Court took action on this letter, on July 8, 2008, Currie filed another letter request seeking the same relief. Deeming the letter an "informal request for sentence modification," the Court denied relief on July 14, 2008, finding that it lacked jurisdiction to modify Currie's sentence under Rule 35(a) of the Federal Rules of Criminal Procedure because the request had been filed more than seven days after sentencing. It stated that "any modification of a sentence handed down by this Court beyond the 7 day period can only come by way of the appropriate appeals and/or post-conviction relief process." The Court expressly cautioned, however, that "[t]here are strict rules governing the timing and substance of a direct appeal or post-conviction petition, and the Court does not comment on the availability of either to defendant or the likelihood of success." The instant petition followed on April 9, 2009.

## II.

### A.

The writ of *audita querela,* Latin for "the complaint having been heard," is an ancient and extraordinary writ used to challenge a judgment that, while correct when it was rendered, later became incorrect as a result of matters arising after it issued. *United States v. Coleman*, 162 F. App'x 163, 165 n.1 (3d Cir. 2006); *Gore v. United States*, No. 90-304, 2009 U.S. Dist. LEXIS 15403, at *3-4 (D.N.J. 2009). In criminal cases, the "writ is available only where there is a legal, rather than an equitable, objection to a conviction that has arisen subsequent to the conviction and is not redressable by another post-conviction remedy." *Gore*, 2009 U.S. Dist. LEXIS 15403, at *4 (citing *Muirhead v. Attorney Gen. of the United States*, 262 F. App'x 473, 474 (3d Cir. 2008)).

As many courts have stated, a motion for sentence modification under 28 U.S.C. § 2255—not a petition for a writ of *audita querela*—is the presumptive means for challenging a sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *Hyman v. United States*, No. 08-5999, 2009 U.S. Dist. LEXIS 16833, at *2 (D.N.J. Mar. 5, 2009) (citing *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997)); *Gore*, 2009 U.S. Dist. LEXIS 15403, at *8. *Audita querela* is an auxiliary writ that may only be employed to "fill in the gaps" in federal criminal post-conviction remedies. *Gore*, 2009 U.S. Dist. LEXIS 15403, at *7 (citing *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001)). Stated otherwise, the writ is unavailable where the relief requested is cognizable under § 2255. *Id.* at 9; *see also Carrington v. United States*, 503 F.3d 888, 890 (9th Cir. 2007); *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002); *Valdez-Pacheco*, 237 F.3d at 1080.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") enacted a one-year statute of limitations for filing § 2255 motions, 28 U.S.C. § 2255(f), which effectively makes such a motion time-barred here. Currie, however, styled his petition as one for *audita querela*. Section 2255(e) permits a court to hear a petition for a writ of habeas corpus where a motion under § 2255 would be "ineffective or inadequate." 28 U.S.C. § 2255(e).[2] Habeas corpus and *audita querela* are distinct concepts; § 2255(e) explicitly invokes only the former. Nevertheless, the "safety valve" that subsection (e) offers is designed to "ensure that petitioners

---

[2] "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

have a fair opportunity to seek collateral relief." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002). As stated above, *Sutton*'s timing precluded Currie from asserting any real collateral challenge based on the Passaic County Jail conditions. Given the interstitial gap-filling role of *audita querela* and the fact that Currie does not appear to be abusing the writ, it is the Court's view that § 2255(e) applies to the auxiliary writ of *audita querela* to the same extent as § 2241. *See Lopez v. United States*, No. 94-184, 2008 U.S. Dist. LEXIS 76101, at *5-7 (E.D. Pa. Sept. 29, 2008) (analyzing whether § 2255 was inadequate or ineffective, making *audita querela* theoretically available (but ultimately concluding that in the circumstances of that case, that § 2255 was not inadequate or ineffective)).

All of that said, a § 2255 petition is not "ineffective or inadequate" simply because a particular petitioner does not meet the threshold requirements of the AEDPA: "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002); *see also United States v. Valdez-Pacheco,* 237 F.3d 1077, 1080 (9th Cir. 2001) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs."), *quoted with approval in Hazard v. Samuels,* 206 F. App'x 234, 236 (3d Cir. 2006) and *United States v. Reaves,* 177 F. App'x 213, 213 (3d Cir. 2006). Nevertheless, the "provision exists to ensure that petitioners have a fair opportunity to seek collateral relief"; "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id* at 538-39 (citing *Dorsainvil*, 119 F.3d at 251-52). Put more simply, § 2255 relief is ineffective or inadequate where a "petitioner demonstrates that some limitation of scope

or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim," *Cradle,* 290 F.3d at 538.

In *In re Dorsainvil*, the Third Circuit permitted the operation of the § 2255(e) "safety valve" where a defendant had been convicted of using a firearm during and in relation to a drug trafficking crime, in violation of 28 U.S.C. § 924(c); there, the firearm had been in the defendant's car at the time of the drug transaction (outside the car). *Dorsainvil*, 119 F.3d at 246. After the defendant's initial § 2255 motion was denied, the Supreme Court reinterpreted § 924(c) in *Bailey v. United States*, 516 U.S. 137 (1995). The defendant then filed a successive § 2255 motion, arguing that the conduct for which he was convicted was no longer considered criminal after *Bailey*. *Dorsainvil*, 119 F.3d at 246. When the district court denied the motion for lack of jurisdiction, the Third Circuit determined that the defendant was not entitled to relief under the successive petition because he did not meet the successive-petition requirements enumerated in 28 U.S.C. § 2255(h). *Id.* The court nevertheless held that the unusual circumstances of the case, brought about by the intervening decision in *Bailey* (after his first § 2255 motion had been denied), permitted him to seek collateral habeas relief under 28 U.S.C. § 2241 because his § 2255 motion was inadequate or ineffective. *Dorsainvil*, 119 F.3d at 252.

As a practical matter, Currie was likewise disabled from seeking any § 2255 relief on the basis of this Court's intervening decision in *Sutton*. Currie made a nearly identical argument based on pre-sentence jailhouse conditions at his first sentencing hearing, and only later did the Court accept such an argument—in another case—for sentencing purposes. The Court issued the *Sutton* opinion on October 25, 2007, more than a year after the statute of limitations had lapsed for Currie's § 2255 motion, and then dismissed his letter requests under Rule 35(a) thereafter. Consequently, Currie has not yet formally filed a motion under § 2255, and has not yet had the

benefit of collateral review on this issue. Under the unusual posture and circumstances of this case—similar to those in *Dorsainvil*—the Court finds that the timing of the *Sutton* decision makes § 2255 review inadequate or ineffective for Currie. It will therefore turn to the merits.

B.

As the Court stated above, *audita querela* is available only when "a judgment . . . was correct when it was rendered but later became incorrect as a result of matters arising after it issued." *Coleman*, 162 F. App'x at 165 n.1. The writ, therefore, is not an appropriate tool in equity; a subsequent legal determination must undermine the previously valid judgment in order for *audita querela* to issue. *Garcia v. United States*, Civ. No. 97-2861, Crim. No. 93-536-03, 2008 U.S. Dist. LEXIS 29298, at *5 n.1 (D.N.J. Apr. 9, 2008) (quoting *United States v. LaPlante*, 57 F.3d 253, 253 (2d Cir. 1995) ("The writ of *audita querela* is available for a collateral attack when there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy.")) Although he makes an impassioned appeal to equity, arguing that a failure to further modify his sentence would be an "oppressive defect of justice," Br. in Support of Pet. at 9, the Court may not disturb his sentence unless it is now unlawful.

The Court found above that *Sutton*'s timing justifies a more discerning look at Currie's petition, but ultimately a writ of *audita querela* is unavailable here. Currie has not shown that *Sutton* in any way undercuts the legal or constitutional vitality of his sentence. The decision granted a sentencing variance pursuant to 28 U.S.C. § 3553(a). It was not of constitutional import, and it did not reinterpret a statute such that Currie's predicate conduct can no longer be considered criminal; rather, *Sutton* was an individualized exercise of this Court's discretion in sentencing a particular defendant (not Currie) before it. *See* 28 U.S.C. § 3553(a). *Sutton* did not

purport to retroactively apply to every defendant that has previously appeared before this Court, who happened to be housed at the Passaic County Jail at one point or another. Instead, when the Court sentenced Sutton in October 2007, it took testimony from witnesses about the conditions of Passaic County Jail at the time. Currie was housed there from June 2002 until his sentencing in June 2003—more than four years earlier. The Court considered and rejected Currie's specific request for "double credit" then, based on Currie's unsupported complaints about jailhouse conditions. *See* Pet., Exh. A (Tr. of 1/6/03 Sentencing Hr'g at 21:1-7).[3] The Court again gave full consideration to all of the relevant circumstances when it resentenced him with the full panoply of post-*Booker* sentencing discretion at its disposal. That an inmate at Passaic County Jail demonstrated substandard conditions existed two years after the re-sentencing does not permit Currie to piggy-back more relief under *Booker*. Sutton was decided in part on the accumulated failures to address problems at the jail, reasoning that makes a retroactive application of the Court's findings inappropriate. Accordingly, Currie's sentence was lawful when it was rendered, and remains lawful still today. A writ of a*udita querela* is therefore inappropriate. *See Coleman*, 162 F. App'x at 165 n.1.

### III.

For the reasons stated, Currie's petition [D.E. # 29] is **denied.**

---

[3] Neither the timing of *Sutton* nor the fact that Currie made similar arguments at his first sentencing—predicates for the Court's determination that § 2255 relief is ineffective or inadequate—necessitates relief on the merits. To the contrary, the lengthy timespan between Currie's first sentencing and the *Sutton* decision is reason to distinguish this case from *Sutton*, not to analogize it. Further, having reviewed Currie's arguments anew, the Court is satisfied that Currie's post-*Booker* sentence is substantively proper in any event, all circumstances considered.

**SO ORDERED** this 10th day of August, 2009.

/s/  Katharine S. Hayden

Hon. Katharine S. Hayden.
United States District Judge